FRANKLIN and others *against* TALMADGE.

Where the plaintiff, in an action of trespass *quare clausum fregit,* declared by the name of *William Robinson,* and the deed under which he claimed title to the *locus in quo,* was to *William T. Robinson,* the variance was held immaterial. The letter *T.* was no part of the plaintiff's name; for the law recognises but one christian name; and the plaintiff might, if he thought proper, prove that he was as well known without, as with the letter *T.* in the middle of his name.

THIS was an action of trespass *quare clausum fregit,* for cutting down and carrying away pine timber from the land of the plaintiffs. The cause was tried at the last *Oneida* circuit, before Mr. Justice *Yates.*

At the trial, the plaintiff's counsel produced a perfect title to *Abraham Franklin, Samuel Franklin,* and *William T. Robinson,* in the *locus in quo ;* the defendant's counsel objected to the deed, on account of the variance as to the name of *William Robinson,* named in the declaration. The plaintiffs' counsel offered to prove that one of the plaintiffs in the cause is as well known by the name of *William Robinson,* as by the name of *William T. Robinson ;* and that he is sometimes called by the one name, and sometimes by the other ; but the judge ruled against the plaintiffs, who thereupon submitted to a nonsuit, subject to the opinion of the court.

A motion was made to set aside the nonsuit, and for a new trial.

*Sedgwick,* for the plaintiffs.

*Kirkland,* contra.

*Per Curiam.* A new trial must be awarded with costs to abide the event. The addition of the letter *T.* between the christian and surname of one of the plaintiffs, did not affect the grant, which was to be taken benignly for the grantee. It was no part of his name, for the law knows only of one christian name. (*Co. Litt.* 3. a. 1 Ld. *Raym.* 562. *Vin.* tit. *Misnomer,* c. 6. pl. 5. and 6.) And it was perfectly competent for the plaintiff to have shown, if necessary, that one of the plaintiffs was known, as well

with, as without the insertion of the letter *T.* in the middle of his name; though even that was not requisite in the first instance, nor unless made necessary by testimony on the part of the defendant.

<div style="text-align: right">

NEW-YORK,
Nov. 1809.