JEFFERSON.
April, 1818.

Hamilton
*v.*
Cunningham.

## HAMILTON vs. CUNNINGHAM.

The statute law allowing the endorsee of a sealed instrument to maintain a suit on it in his own name, does away all objection to want of privity of contract.
Demand or request need not be proven, where it is no part of the contract.
A letter between the christian and surname, no part of the name.

### COVENANT BY THE 2D ENDORSEE AGAINST THE MAKER OF AN OBLIGATION OF THE FOLLOWING TENOR, VIZ.

" On the first day of May, 1817, I promise to pay John Moreland, " or order, two hundred and ten dollars, and sixty-six cents, in char-" tered paper, for value received; as witness my hand and seal, this " sixth day of May, 1816.          PAT. CUNNINGHAM and seal."

Special demurrer to the declaration, for the following causes: 1st, that there is not any covenant sufficient in the said supposed writing obligatory, and in the endorsements thereon, to maintain the said Hamilton's action, in form aforesaid, against the said Patrick: 2d, that it does not appear that the said Hamilton made any demand of the said goods and chattels, to wit, chartered paper, in the said supposed writing obligatory mentioned, on the said 1st day of May, 1817, when the same was to have been paid, or at any other time: 3d, that it appears, by the said supposed writing obligatory, that the said sum of money therein specified, was to be paid to John Moreland, or order; and the endorsement first made thereon, is made by John S. Moreland, and not John Moreland the obligee, so that, in fact, the said obligee, in the said supposed writing obligatory, has never assigned the same: 4th, that it is not shewn, by any averment or otherwise, that the said Patrick ever had notice of the last aforesaid assignment of said supposed writing obligatory.

WRIGHT, for the plaintiff. GOODENOW, for the defendant, cited 1st Chitty, 110, 324; 1 Saund. 33, n. 2 7. John. 462; Hard. 43; 1st Chitty, 257, 321; 5 Johns. 84; 1 Bos. and Pul. 40, 625; 1 Johns. Cas. 51.

PRESIDENT—As to the first cause of demurrer assigned here, it may be observed, that the statute law authorises the transfer by endorsement

1 7

of such obligations as this suit is brought on, " so as absolutely to transfer and vest the property thereof, in each and every endorsee or endorsees successively." It also authorises the endorsee to bring suit, in his own name, so that, if there was a sufficient covenant whereon the payee might have maintained an action, the statute gives the endorsee the same right of action, and does away all objection to want of privity between him and the maker of the instrument A similar question was made in the case of Haslett vs. Painter and others, decided at the last December term of the Common Pleas in Stark county, which the court decided in favor of the plaintiff, assignee of the obligation. 2d. A demand need not be averred or proven, because a demand or request is no part of the contract between the parties; the case of Thomas vs. Roosa, 7th Johns. 462, cited by the defendant's counsel, is directly in point to shew that this cause of demurrer is untenable. 3d. The case of Franklin and others vs. Talmadge, 5 Johns. 84, decided that the letter $T$ between the christian and surname of one of the plaintiffs, was no part of his name, for that " the law knows only of one christian name," on the authority of Co. Litt. 3 a—1 Ld. Ray. 562, and Vin. tit. misnomer, c. 6, pl. 5 and 6. If the law was otherwise, the objection could not prevail in this case, because the endorsement is averred to have been made by the payee of the obligation. 4th. This cause of demurrer stands on the same ground, or nearly so, with the second; the promise in the writing is to pay " to John Moreland or order ; " on the obligation being endorsed, the promise of payment attaches to the endorsee immediately ; John Moreland has ordered the money to be paid to the plaintiff. It was not a part of the contract, that the defendant, the maker of the obligation, should have notice of such order being drawn, nor can we add such qualification to his undertaking. Bayley on Bills, 108 ; 1st Bos. and Pul. 625. *Demurrer overruled, with costs.*