ALBANY,<br>Feb. 1824.

Roosevelt<br>v.<br>Gardinier.

Motion granted.

---

## J. S. & CORNELIUS V. S. ROOSEVELT *against* GARDINIER.

JULY 1, 1823, the defendant's attorney received a declaration containing the common counts in assumpsit, and July 12th, on a proper affidavit, he obtained from a Judge of the Common Pleas, who was a counsellor, &c., an order " that all further proceedings be staid until the plaintiff's attorney deliver to the defendant's attorney, a bill of particulars for which this action is brought." In the title of the order, in the name of Cornelius V. S. Roosevelt, the letters V. S. were omitted. The plaintiff's attorney believing this order to be a nullity on the face of it, paid no attention to it, but proceeded and took his default.

*A. Burr,* moved to set aside this default for irregularity.

*H. Bleecker,* contra, contended that the order was a nul-

The defendant may demand a bill of particulars before appearance.

An order for a bill of particulars, staying the proceedings absolutely till a bill is delivered, is irregular.

It should be that a bill be furnished by such a day or cause shown against it.

But though irregular, it stays the proceedings till vacated.

The law knows of but one christian name ; and therefore the omission of V. S. in the name of one of the plaintiffs in the title to such an order, is not such a misentitling as will render it null.

lity, 1. Because the defendant does not show by his affidavit on which the motion is founded, that he had appeared in the cause, when the order was obtained. This is necessary. (*Kitchin* v. *Blanchard*, 1 B. & P. 378.) 2. The order should have been to show cause. (1 Tidd, 534. 1 Dunlap, 403.) 3. The order is wrongly entitled.

*Curia.* The case cited from Bosanquet & Puller, is in point to show that, in the Common Pleas, the defendant has no right to demand a particular, till after he has appeared to the action ; but we find that the practice is different in the Court of King's Bench. In *Derry* v. *Lloyd*, (1 Chit. Rep. 724,) it was decided that the defendant may obtain an order for a particular before appearance. In a note to that case, Chitty cites Impey's K. B. 8th ed. where the same doctrine is laid down and the difference between the practice of the Common Pleas and King's Bench is noticed. The reason given in favor of the practice as it prevails in the latter Court, is that the defendant, on seeing the plaintiff's particular, may not think it worth while to be at any further expense, and settle the suit. We think the practice of the King's Bench the more reasonable. The same case *Derry* v. *Lloyd*, determines the effect of this order. We agree that it was irregular. It should have been to furnish a particular by a certain day, or show cause. But it cannot be treated as a nullity. Though improvidently made, or not in due form, it was effectual to stay the proceedings till revoked or altered by the Judge or set aside on motion. In *Derry* v. *Lloyd*, the Judge granted an order for a particular in an action for an assault, to which, as was agreed by the Court, it was wholly inapplicable. The attorney proceeded and took a default notwithstanding the order, and it was set aside ; the Court holding the order operative till complied with, or vacated. The V. S. were no part of Cornelius Roosevelt's name. The law knows of but one christian name. The order, therefore, was properly entitled. (*Franklin & others* v. *Tallmadge*, 5 John. Rep. 84.)

Motion granted.