## WILBER *vs.* WIDNER.

ERROR from the Monroe common pleas. *Daniel K. Widner* brought an action of slander against Wilber, in the Monroe common pleas. In declaring, the plaintiff, in the commencement of the declaration, is named *David K. Widner*, and his name is not again mentioned. The defendant appeared and plead, issue was joined, and the cause brought to trial. On the trial, the words for the speaking of which the action was brought, were proved to have been spoken of and concerning *Daniel K. Widner*. The capias was produced, which was in the name of *Daniel K. Widner*, and the pleas of the defendant were shown to be entitled Wilber *ads. Daniel K. Widner*. The attorney for the plaintiff testified that *Daniel K. Widner* was his client, and that the suit was brought for him. In the *record*, the name of *Daniel K. Widner*, as plaintiff, does not occur, except in the warrant of attorney, until after the finding of the verdict, when it is found in a continuance of *curia advisare vult*, as that of the plaintiff in the cause ; then follows a judgment on demurrer, and a judgment on the verdict in favor of the said *Daniel K. Widner*. From the bill of exceptions attached to the record, it appears various exceptions were taken to opinions pronounced by the common pleas in the progress of the trial; but as the questions arising upon those exceptions are not particu-

*Where there is a misnomer of the plaintiff, in a declaration throughout, a judgment in his favor, by his true name, will be reversed for error. Thus, where a suit was brought by Daniel K. W. and the declaration was throughout in the name of David K. W. the true name not being rightly alleged in any part of the record, although from the bill of exceptions it was manifestly a mistake, it was held not to be within the statute of jeofails, and the judgment was reversed.*

NEW-YORK,
May, 1828.

Utica Ins. Co.
v.
Hunt.

larly passed upon by this court, in the opinion pronounced, it is deemed unnecessary to state them.

*S. Boughton*, for plaintiff in error.

*R. Beach*, for defendant.

*By the Court*, SUTHERLAND, J.　The objection arising on the face of the record appears to be unanswerable.　The declaration throughout is in the name of *David* K. Widner, and the judgment is in favor of *Daniel* K. Widner.　It is an action of slander, and, on the face of the record, *Daniel* has recovered a judgment against the defendant, for a slander uttered against *David*.　No doubt it was a mistake, and enough appears in the bill of exceptions to authorize the amendment, on a proper application for that purpose; but the bill of exceptions cannot be used in aid of the record, and there is nothing in the record to amend by.　The case is not within the sixth section of the statute of *jeofails*, (1 *R. L.* 120,) because the true name is not rightly alleged in any part of the record.

The decisions of the court below, I am inclined to think, were correct throughout, and that, upon the bill of exceptions, the judgment ought to be affirmed; but, for the error in the record, *it must be reversed*.

Judgment reversed, *venire de novo*.