Bowen *v.* Mulford.

SMITH BOWEN *against* JOHN S. MULFORD.

CERTIORARI.

If the summons is issued in the name of J. M. plaintiff, and in the state of demand, a middle letter is inserted, in the name of the plaintiff, (viz. J. S. M.) and the defendant does not appear, but judgment is rendered against him in his absence, the judgment will be reversed.

This was a *certiorari* to one of the justices of the peace of the county of Salem, to reverse a judgment, rendered by him in the court for the trial of small causes.

*L. Q. C. Elmer,* for plaintiff.

*M'Cullough,* for defendant.

The Chief Justice delivered the opinion of the court.

The summons in 'this case was issued in the name of John Mulford. The state of demand was filed in the name of John S. Mulford. Judgment was rendered against the defendant below, for the amount of the state of demand.

The introduction of a letter or name between the christian and surname is very common, for the purpose of distinction; and in the use and understanding of the people at large, and therefore in presumption of fact, John Mulford and John S. Mulford, are not the same but different persons. Hence the variance was material. To sanction it, might open the door to serious mischief. The defendant has notice by the summons to answer the suit of John Mulford, but he may be subjected to very deleterious surprise, if the account or demand of another person is exhibited and may pass into judgment against him. If subsequent to such a judgment either of the parties thus uncertainly ascertained, should commence another action against the defendant, he would have to accomplish an unreasonable, if not an insuperable task in sustaining a plea of former recovery; for by which of the persons is the recovery had? he whose name is entered on the justice's docket? or he who is named in the state of demand? And if in the lapse of a few years the state of demand be lost, it will become still more difficult to shew that a judgment has been rendered for the demand of John S. Mulford, if in truth he is the actual plaintiff in this case. To all these hazards and burthens, the defendant ought not to be exposed in order to save the plaintiff from the consequences of carelessness or inattention. If the defendant had appeared and gone into trial without objection, we should have been unwilling to listen to any complaint from him on this ground; but judgment was given in his absence, and the plaintiff proceeded at his own peril.

The cases cited by the counsel of the defendant in *certio-rari* are not in point. That of *Franklin* v. *Talmage, 5 John.* 84, turned on a grant, and depended upon principles not applicable here.

Let the judgment be reversed.