## Case No. 15,741a.

### UNITED STATES v. MATTHEWS.

[2 Betts, C. C. MS. 49.]

Circuit Court, S. D. New York. 1843.

IMPANELLING JURORS—DEFECTS AND MISTAKES IN NAMES—USE OF INITIALS.

[1. The full Christian name is an essential component in the name of a juror, and a ballot or panel giving only an initial letter is insufficient, and constitutes ground of challenge where the local law, as in New York, requires the jury ballots to contain the names, additions, and place of residence of the jurors.]

[2. The middle letter of a name is not regarded, in New York, as an essential part of the name, and a mistake therein is no ground of objection to the juror, where his residence and occupation have been correctly given, and there is no claim that the prisoner has been misled, or that there is any other person having the name on the ballot than the juror in court.]

On a new panel of jurors being returned in this case, Mr. Nash, of counsel for the prisoners, took exceptions to several jurors for defective descriptions of the persons on the panel: (1) That in two cases only the initial letter of the Christian name of the juror was given; (2) In two cases a wrong middle letter in the juror's name ("A." for "O." and "M." for "W.") was returned on the panel. He also claimed the right to 35 peremptory challenges, on the ground that the indictment was founded on the act of congress of 1820, and that, preparatory to challenges for cause, he had a right to question the jurors, whether they had read newspaper reports of this case, or of the trial of William Brown, and had any impression on their minds unfavorable to the prisoners.

BETTS, District Judge. Jurors for the United States courts in New York are to be impanelled according to the laws substantially existing in this state in that respect on the 23d of July, 1840 (act of congress of that date [5 Stat. 394]). The Revised Statutes of the state require the jury ballots to contain the names, additions, and place of residence

of the jurors (2 Rev. St. 412–414, 734]; and a copy of the panel in capital cases, mentioning the names and places of abode of the jurors, must be served on the prisoner two days before his trial (2 Bior. & D. Laws, p. 98, § 28 [1 Stat. 118]). The full Christian name is an essential component of the name of a juror, and the ballot or panel giving only an initial letter does not satisfy the requirement of the law in that behalf. The court has no more authority to dispense with the full Christian name than with the surname.. The objection to those two jurors is allowed. The middle letter is not regarded by the local law as an essential part of the name (5 Johns. 84); and upon this exception the district attorney would be entitled, according to that rule, to prove the juror was as well known by the name without the intermediate letter as with it.

The circuit court in the Third circuit seems to have taken a different view of a similar objection, and to have held that the return or designation of the juror was defective. U. S. v. Wilson [Case No. 16,730]. It does not appear from the report of the case whether the decision was based on the local law of Pennsylvania or the general principles of the common law. I am of opinion that the name, residence, and occupation of the juror having been correctly given, and there being no intimation that the prisoner has been misled, or that any other person exists of the name on the ballot, other than the juror in court, that the objection ought not to be allowed; but I am willing to defer the definitive decision of this point for the present, to ascertain whether a jury can be found independent of these individuals.

The counsel for the prisoner is mistaken in supposing this indictment is founded on a statute posterior to the crimes act of 1790, and that the prisoner has the common law right of challenge. All the charges in the indictment are of offences embraced within the eighth section of the act of 1790, and accordingly the prisoner is only entitled to 20 peremptory challenges. 2 Bior. & D. Laws, p. 99, § 29 [1 Stat. 118].

The prisoner upon this peremptorily challenged the jurors suspended; and the panel being exhausted, the case, by consent of the United States attorney, was postponed to the February term, next.