## ISABELLA B. CLUTE, APPELLANT, *v.* ADAM EMMERICH, RESPONDENT.

*Judgment* — *the omission of the middle name of the defendant does not invalidate it* — *when the legal owner of property will be compelled to reimburse one who has paid incumbrances on it to protect his interests.*

The omission of the initial letter of the middle name of a defendant, in the entry and docket of a judgment recovered against him, does not render it invalid or prevent its becoming a lien upon his real estate as against subsequent purchasers from him in good faith.

The plaintiff, on February 25, 1869, recorded a deed received on February 17, 1869, from the sheriff, in pursuance of a sale made by him of certain real estate belonging to one Thomas A. Hall, which at the time of the recovery of the judgment was incumbered by a mortgage for $6,000 given by Hall in 1863. The sale was made under a judgment recovered December 6, 1864, and docketed February 4, 1865, by one Low against Thomas Hall and William H. Clark. After the recovery of the judgment Hall sold the property, and thereafter it passed, by various *mesne* conveyances, to the defendant, who acquired title thereto on October 21, 1871. In 1866 one Hyde, who then owned the property, paid $500 on the said mortgage, borrowed $5,500 upon a new mortgage, and with the proceeds of the loan paid off the residue of the first mortgage. In January, 1871, one Cottrell, who then owned the property, mortgaged it to a bank for $5,500 and paid off the Hyde mortgages. The bank mortgage still remains unpaid. The property was purchased and the various mortgages given and taken in good faith, and in ignorance of the plaintiff's rights, the judgment not having been discovered by reason of the fact that the searches were made against Thomas A. Hall only, and not against Thomas Hall.

In an action by the plaintiff to recover the possession of the property from the defendant:

*Held,* that the second and third mortgages were, so far as the plaintiff's rights were concerned, continuations of the first mortgage, and that, as her purchase was subordinate to such first mortgage, the third mortgage was, as against her, a valid and subsisting prior lien upon the property.

That the defendant was entitled to be credited with the $500 paid by Mrs. Hyde upon the first mortgage, and the amounts expended for taxes, assessments, water rates and repairs, but should account for the rents received by her from the property.

APPEAL from certain portions of a judgment, rendered in favor of the appellant, upon the trial of this action, by the court without a jury.

*T. J. Clute,* for the appellant.

*B. Skaats,* for the respondent.

DAVIS, P. J.:

This appeal brings up the judgment-roll only, which contains, with the pleadings and judgment, the findings of the court on the trial, and the exceptions filed to such findings. The proceedings and the evidence upon the trial are not before us. It must be assumed, therefore, that the findings of fact presented were fully supported by the evidence given, and that no evidence was given from which other facts should have been found.

No exceptions to findings of fact on the ground that they were not sustained by evidence can be entertained. (*Stoddard* v. *Whiting*, 46 N. Y., 632; *Tomlinson* v. *Mayor*, 44 id., 603; *Smith* v. *Coe*, 29 id., 666.)

The action was brought to recover possession of certain premises purchased by the plaintiff at a sheriff's sale, made under an execution issued upon a judgment recovered against a former owner of the premises. At the time the judgment on which the sale was made became a lien upon the land it was incumbered by a mortgage executed by the judgment debtor for part of the purchase-price of the land. In equity, therefore, the plaintiff purchased at the sheriff's sale the equity of redemption then vested in the judgment debtor or his grantee. The respondent sets up as an equitable defense in part, to the action in which the plaintiff sought to recover *mesne* profits as well as possession, certain alleged equitable rights which he, as grantee of the grantees of the judgment debtor, claimed to exist in his favor. The trial was had before and by the court without a jury, and the questions brought up by the appeal for review relate altogether to the alleged equities of the defense. On the trial Mr. Justice DANIELS, before whom the issues were tried, delivered an opinion which fully embraces and covers all the questions presented by the appeal, and in our judgment disposes of them in accordance with equity and substantial justice. The opinion is so full and elaborate, and the discussion of the several questions so complete as in our judgment to render a repetition of the labor it performs quite unnecessary. We therefore adopt the opinion as that of this court. It is as follows:

DANIELS, J.—This action was brought to recover the possession of a lot of land and the building erected upon it, situated on the northerly

side of Fortieth street, in the city of New York. The plaintiff derived her title to the property under a sale upon execution, issued to collect the amount of a judgment recovered in the case of *Peter Low* v. *Thomas Hall* and *William H. Clark*. The judgment was recovered on the 6th day of December, 1864, and docketed on the 4th day of February, 1865. The proceedings before and attending the sale were substantially regular, and on the 17th day of February, 1869, the sheriff's deed of the property in dispute was delivered to the plaintiff, and it was properly recorded on the twenty-fifth day of that month. This was sufficient, presumptively, to establish the plaintiff's right to recover the possession of the property. It appeared, however, that the title of Hall, which was sold upon the execution, was conveyed to him by the name of Thomas A. Hall, and that such was in fact his true name, and for that reason the defendant insisted that the judgment never became a lien upon the real estate owned by him ; but this point cannot be sustained, for it was not necessary in the regular prosecution of the action against Hall that the middle initial letter of his name should have been noticed in the proceedings. It was enough that one christian name was properly added to the surname of the defendant, for in legal proceedings the law recognizes but one christian name, and where a party is sued by that alone the proceedings taken may regularly be continued to judgment in that name, and the fact that he may have one or more other names between his first christian name and that of his surname will in no way affect their validity. This is an old and well established rule of the common law, that has in no manner been changed, either by legislation or the ruling of the courts in this State. (Chitty on Pleadings [vol. 6, Am. ed.], 281.) But the authorities, on the contrary, so far as they exist upon this subject, unite in sustaining the correctness of this legal principle. (*Franklin* v. *Talmadge*, 5 John., 84 ; *Roosevelt* v. *Gardiner*, 2 Cow., 463 ; *Milk* v. *Christie*, 1 Hill, 102 ; *Weber* v. *Fowler*, 11 How., 458.)

The judgment, consequently, was regularly recorded against the defendant Hall, and for that reason it became an effective lien upon his real estate under the provisions of the statute existing upon this subject. (3 R. S. [5th ed.], 637, § 4.)

The case, as it was made out by the plaintiff, entitled her to recover the possession of the property unless the defense interposed,

has been so far sustained as to defeat her apparent legal right. This in substance, so far as it was supported by proof upon the trial, consisted of the fact that the defendant, as well as those through whom the title had passed from Hall to him, had acquired it in good faith, without actual notice of the existence of the judgment, and had improved the property and paid off the incumbrance previously existing upon it, by mortgage, and for which he should hold it until the amount paid by him should be reimbursed. The defense so made was equitable in its character, and for that reason it was claimed that the only remedy which the plaintiff possessed for the enforcement of her rights as a purchaser of the property was by means of an action to redeem it from the incumbrance existing upon it before the recovery of the judgment under which she derived her title, and the case of *Chase* v. *Peck* (21 N. Y., 581) is relied upon as an authority supporting that position. But there the mortgage, though equitable in its character, appeared at the time to exist in full force as an incumbrance in the defendant's own favor, and for that reason it cannot be held to be controlling in this case unless it shall appear that the defendant has maintained a valid claim in his own behalf to reimbursement out of the disputed property for the amount of the mortgage relied upon. The defense has been made under the provisions of the Code of Procedure, in force at the time when the answer was interposed, allowing equitable defense to be made to a legal action. (Code of Pro., § 150.) And by another provision of the same Code such a defense, it was provided, was to be deemed to be controverted by the adverse party as upon a direct denial, or by way of avoidance as the case might require. (Code, § 168.) Under these two provisions the entire controversy relating to the right of possession of this property has been presented by the evidence and must be determined by the court. The case cannot be dismissed unless the defense shall be found to be completely established; and it must be fully examined and considered in order to discover whether it has been or not. (*Phillips* v. *Gorham*, 17 N. Y., 270; *Sheehan* v. *Hamilton*, 2 Keyes, 304.)

At the time Hall became the purchaser of the property he executed a mortgage, which was properly recorded, to secure the payment of the sum of $6,000. This mortgage was given on the

20th day of November, 1863, and it existed as an incumbrance upon the property at the time when the judgment under which the sale was made to the plaintiff became a lien. Hall afterwards sold the property, and it finally passed by intermediate conveyances to the defendant in this case. The evidence shows that he became the owner on the 21st day of October, 1871, and he has been in the possession and occupancy of the property since that time. When he took his title he had no actual knowledge of the existence of the judgment recovered against Hall, but supposed and believed from the search made of the title that the only incumbrance upon the property was the present mortgage which was given to raise money to pay off the one preceding it. The original mortgage continued to be a lien until the 1st day of August, 1866; and at that time Jane E. Hyde, who was then the owner of the property, paid the sum of $500 upon it and obtained a loan of the further sum of $5,500, for which a new mortgage was given by her and the proceeds of the loan were used to pay off the residue of the original mortgage. This mortgage continued to be a lien upon the property to the 30th day of January, 1871. At that time it was owned by Marks Cottrell, who procured a loan from the Emigrant Industrial Savings Bank, and with its proceeds paid off the mortgage given by Mrs. Hyde. The mortgage to the bank, upon which this loan was made, is the one which still remains an incumbrance upon the property. It appeared that when each of these mortgages was given a search was made of the title to the property, and for incumbrances upon it; but this judgment was not discovered, for the reason that the search was confined to the name of Thomas A. Hall. No search for either incumbrances or judgments were made against Thomas Hall, and neither of the parties giving or taking these mortgages supposed or believed that any such judgment in point of fact existed. They each acted in good faith, fully believing that the mortgage given by him respectively was the only incumbrance at the time existing upon the property, and as between them and the present plaintiff, and the defendant, who acquired the rights and interests of the mortgagors by their conveyance, that should be held to be the nature of these different transactions; and the rule is well settled in such cases that a person holding the legal title to property of this nature affected by a paramount incumbrance shall be allowed,

even after it has been paid by him, to avail himself of the benefit of it as against an intermediate claimant by judgment, of whose existence he was ignorant, for the purpose of resisting legal proceedings brought for its enforcement, or maintain a title acquired under it. The party paying the first incumbrance under such circumstances is entitled to be substituted to the benefit of the incumbrance itself, although it may have been in form extinguished, so far as that may be necessary to sustain his title to the property in dispute. The creditor or the purchaser under him is in no worse condition by reason of the application of this rule than he was when his judgment was recovered. All his rights and interests in the property are protected by its observance, but he is not allowed to acquire a priority by reason of a payment made in ignorance of his claim, which would give him an inequitable advantage over the person who has taken the deed and formally discharged the incumbrance for the completion or perfection of his title. This rule is well settled, and it has frequently been applied to the protection of parties making payments of prior incumbrances under circumstances of this nature. In *Downer* v. *Fox* (5 Wash. Ver., 388), it was held that where a second mortgagee pays the first mortgage, if justice requires it, the law will presume an assent by the latter to the use of all securities in his hands in order to produce his reimbursements, where equity requires that to be done, and when a purchaser of property pays off a prior incumbrance, and an attempt is made to subject the property in his hands to still other and subordinate incumbrances existing at the time of his purchase, it has been held that a court of equity will substitute him to the rights of those whose incumbrances he has paid off. (*Planters' Bank* v. *Dodson*, 9 S. & M. [Miss. Rep.], 527; *Peet* v. *Beers*, 4 Ind., 46; *Fisher* v. *Johnson*, 5 id., 492.)

This principle has also been applied to the case of a fraudulent purchaser of a debtor's property, who paid off an incumbrance upon it while he held the title. (*Robinson* v. *Stewart*, 10 N. Y., 189.) It was there said that it was entirely equitable that the defendant should be substituted in place of the creditor, whose debts he had paid, although the conveyance was void as to creditors; they were valid between the parties, and the debts were paid as a consideration in part for the conveyances. (Id., 196.) The same principle has

been applied in a different form, where a mere surety, or the owner of the property, has paid off incumbrances upon which he was not primarily liable. In those cases it has been held, where that was necessary for the purpose of subserving the ends of justice, that the incumbrances, although in form extinguished, should still be considered as existing in favor of the person making the payment. (*Wilkes* v. *Harper*, 2 Barb. Ch., 338; *Cole* v. *Malcolm*, 66 N. Y., 363.)

The rule in general terms has been stated to be that when a subsequent incumbrancer or purchaser is compelled to discharge the lien of the vendor upon the property, he will, in like manner, be entitled to stand substituted in his place against other claimants under the vendor on the estate. (2 Story Eq. Jur., 227, § 1; *Bright* v. *Boyd*, 1 Story Rep., 478.) And the principle of the civil law was there stated with approbation, which entitled a *bona fide* purchaser or possessor of real estate, who pays money to discharge any incumbrance existing upon it, having no notice of any infirmity in his title, to be repaid the amount of such payment by the true owner seeking to recover the estate from him. (Id., 498.) *Mickles* v. *Dillaye* (17 N. Y., 80) is to the same effect. Under these authorities it is very clear that the person who owned the legal title at the time when the payments were made, would be entitled to have the original incumbrance revived in his or her favor as a protection against the claim now made by the plaintiff; and no good reason appears to exist for excluding the person who advanced the money, at the request and upon the application of such owner for the purpose of procuring the payment to be made, from the operation and protection of the same principle. The party making the advance was neither a stranger or a volunteer, but it was made at the instance of the owner who was entitled to this protection, and being made in that manner, the same equitable considerations which would protect the owner, should equally protect the party advancing the money for him or her. For that reason the second mortgage, given by Mrs. Hyde, upon which the money was obtained to pay off the first, was substantially a continuation of the original incumbrance, and the same thing was true as to the mortgage now existing upon the property, and held by the savings bank. So far as the plaintiff's rights are concerned the incumbrance has been continuous,

and her purchase under the judgment was subordinate to it. She has a right to claim, however, as she did upon the trial, that she should be permitted to recover the possession of the property, notwith-standing these transactions, through which the lien of the mortgage might be held to extend; but to resist this claim the defendant has made proof to show payment by him of assessments and taxes and water rates upon the property, and expenditures to keep it in repair; and these charges in turn have been answered by the plaintiff by the allegation that they have been more than reimbursed by the rents and occupancy of the property itself. The taxes, assessments and rates paid by the defendant, and the expenses incurred by way of repairs, were required to protect the property itself, and to enable the defendant to obtain rents for it by means of its occupa-tion by his tenants. The charges were legal in their nature and have been paid in good faith, and for that reason they should be allowed in the adjustment of the claim made against him for the use and occupation of this property. (*Miner* v. *Beekman*, 50 N. Y., 338.)

His right to be reimbursed to this extent is also sustained by the authorities which have already been cited. It appears by the evidence that the taxes and assessment upon the property were paid by him to and including the year 1879, for which period they amounted to the sum of $1,377.35. The water rates, which were paid to 1880, for the purpose of supplying the premises with water, amounted to $121.13, and the expenditures made for repairs, as they have been detailed by him and mostly sustained by his bills and receipts, amount to the further sum of $1,128.66. These items in the aggregate make the sum of $2,627.14. The right of Mrs. Hyde to be substituted in place of the original mortgagee, for her payment of $500 upon that mortgage, has passed to the defendant as an incident to the title received by him, and adding that to the sum already given increases the amount to the sum of $3,127.14. It appears further that the defendant himself has paid the interest upon the mortgage now existing upon the property from the thirtieth day of January, when it was given, to January 1, 1880, at the rate of seven per cent. That extended over a period of eight years and eleven months, and it amounts to the sum of $3,745. Since then

interest has been paid at the rate of six per cent; probably, however, only for the half year which had expired before the time of the trial. That amounted to the sum of $190. Adding these two sums to the aggregate already stated, and it appears that the defendant has paid on account of this property, including the $500 he is entitled to claim through Mrs. Hyde, the sum of $7,062.14. From his own evidence it appears that the premises for the first year, ending October 21, 1872, produced a rental of $1,200; for the second year a rental of $960, and since then a rental of $900; and bringing these amounts down to the twenty-first day of January of the present year will create an aggregate of $8,685; deducting from this sum the expenditures made by the defendant, including the $500 he is entitled to claim under his deed, will leave a balance of rents due from him still amounting to the sum of $1,623.14. No allowance is made to him for the expenses of insurance, for that was incurred expressly for his own benefit, not for that of the property. Under this state of the proof it is evident, therefore, that the defense relied upon in favor of the defendant is not a complete answer to the plaintiff's action, for after allowing all that the evidence will properly warrant, a balance still exists against him on account of the rents realized by way of his own occupancy and that of his tenants. The mortgage still held by the savings bank against the property will, for the reason already assigned, be established as a valid lien to which it will be subjected until it shall be paid; and subject to that she is entitled to judgment in the action for the property, together with this sum of $1,623.14 and such rents as may yet accrue to the time of signing the decision by way of damages at the rate of $900 a year from the twenty-first day of the present month. Should any errors be found in the computations made they will be corrected when the decision shall be settled, which will be done on notice to the defendant's attorney.

Judgment was entered in conformity to this opinion, and no question is made of the correctness of the computations included in the judgment.

We are of opinion, for the reasons assigned by Mr. Justice Daniels, that the judgment is correct and should be affirmed, with

costs of the appeal to the respondent to be adjusted and allowed upon and deducted from the amount recovered against him.

BRADY, J., concurred.

Present — DAVIS, P. J., and BRADY, J.

Judgment affirmed, with costs.