MARY A. BROWN, Judgment Creditor, *v.* JACOB B. EDINGER, Judgment-Debtor.

(Before Onondaga County Judge, December, 1908.)

Supplementary proceedings: Property which may be reached — Salary of officer — Fees as juror: Proceedings to examine judgment debtor — Order for examination — Vacating — Judgment debtor engaged in jury duty.

An order in proceedings supplementary to execution served upon the clerk of the board of supervisors forbidding him to pay to the judgment debtor fees earned or to be earned as a juror while in attendance at a term of court then in session is unauthorized.

An order in supplementary proceedings for the examination of a judgment debtor may be served on him while attending court as a juror; and, if such service interferes with his duties as a juror, the matter may be brought to the attention of the court by motion.

MOTION to vacate two orders in supplementary proceedings: One, for the examination of the judgment debtor, pursuant to which an examination has been had and is now pending; the second, a third party order served upon the clerk of the board of supervisors, forbidding him to pay to the judgment debtor fees earned, or to be earned, as a juror while in attendance at the present term of the County Court of this county.

Brown, Harris & Brown, for judgment creditor.

M. M. Mara, for judgment debtor and for motion.

Ross, J.   It is conceded that the salary of a public official, already earned, or to be earned, is not subject to attachment for debt.   This includes the salary of judges, of government clerks, of policemen, of firemen and the fees of a sheriff.

It is claimed by the attorney for the judgment creditor that a juror is not a public official.   He cites the case of People v. Hoyt, 3 Utah, 396.   It is apparent, upon an examination of that case, that the statutory duties and position of a juror in the then territory of Utah were somewhat different from the position and tenure of office of a juror in Onondaga county.   For instance, it is stated in that case that he has no certain term of office.   Such is not the case in this county; his term is definite, for two weeks; see Laws of 1905, chap. 392.   The fact that he may be sooner discharged does not, it seems to me, affect the character of his office or employment.   Again, in the Utah case the court states, " The oath he takes in its terms and scope limits his duty to the facts of the particular case then on trial." Neither is this a correct statement of the situation here; for, so far as civil cases are concerned, the jurors are sworn, at

the opening of the court, to well and truly try all the issues which are presented to them. People v. Albany, 7 Wend. 550. But, whether a juror comes strictly within the definition of a public official, the same principle of public policy which protects the public official requires that the usefulness of his service shall in no manner be interfered with by embarrassing him in his right to the compensation given him by law for such services. His duties are the most important that are required of any person and, in the last analysis, lie at the foundation of all our institutions; and to allow the compensation to which a juror is entitled for such services (which are not sought to be given but are compelled) to be taken by a creditor might interfere with the orderly administration of justice, not only with reference to his attendance but in the performance of his duty.

It requires no vivid imagination to conceive a situation in which his decision of a question of fact might be influenced by the pendency of such a proceeding.

Motion to vacate the third party order granted. I, however, see no legal objection to the service of an order, in supplementary proceedings for the examination of the judgment debtor, on him while attending as juror. If such proceeding interferes with his duties as a juror, that matter can be presented in a motion for that purpose.

Motion to vacate the order for the examination of the judgment debtor denied. As neither party wholly succeeds, and as the judgment creditor consented to appear informally no costs are allowed.