WILLIAM YUCKER et al.

*v.*

ARTHUR MORRIS et al.

[Submitted November 14th, 1915.   Decided December 18th, 1915.]

1. Upon a dispute between rival claimants to a share of the proceeds of sale of lands in the hands of a special master in a partition suit, which he was directed to pay to one "T. Edward Morris," a tenant in common, one of the defendants therein, one of the claimants claimed under an order drawn by "Thomas E. Morris" upon the special master, and the other, under a judgment against "Edward Morris." It was stipulated between the claimants "that 'T. Edward Morris, defendant herein (*i. e.,* the judgment debtor), is the same person against whom Louisa M. Tournade (*i. e.,* the judgment creditor), obtained judgment * * * that said Morris is sometimes known as ·T. Edward Morris, sometimes as Thomas E. Morris, sometimes as Eddie Morris, sometimes as Edward Morris.' "—*Held*, that inasmuch as the stipulation does not state what Christian name was given Morris at birth or baptism, and in the absence of the admission in the stipulation that he was known as "Thomas E." (thus indicating in full his Christian name), and treating the case as though his proper name is "T. Edward Morris," the claimant under the judgment is without proof that the judgment was against the defendant in his proper name, and accordingly the decree should be in favor of the other claimant under the order drawn upon the special master.

2. The law knows of one Christian name only.

3. It must be stated with certainty who are the parties to the suit, and actions to be properly brought must be commenced and prosecuted in the proper Christian and surnames of the parties.

---

*Mr. Leon Abbett,* for the executors of Louisa M. Tournade.

*Mr. George J. McEwan,* for the Highland Trust Company.

GRIFFIN, V. C.

The dispute in this case is between two defendants touching the right to funds in court allotted to T. Edward Morris, a tenant in common, defendant in the above suit for partition.

The Highland Trust Company claims under an order drawn by Thomas E. Morris upon the special master, in whose hands the funds then were, signed June 13th, 1914, delivered to the trust company, and shortly thereafter delivered to the special master.

The executors found their claim upon a judgment obtained by their testatrix on May 12th, 1914, in the Hoboken district court (as appears by the transcript of the judgment as docketed) against "Edward Morris" (Edward being a middle and not the Christian name), and afterwards, on May 14th, 1914, docketed in the court of common pleas of Hudson county.

It is stipulated in the agreed state of facts

"That T. Edward Morris, defendant herein, is the same person against whom said Louisa M. Tournade obtained judgment in the district court of the city of Hoboken as hereinafter set forth. That said Morris is sometimes known as T. Edward Morris, sometimes as Thomas E. Morris, sometimes as Eddie Morris, sometimes as Edward Morris."

From these facts it is argued by the executors that the judgment is good as against Thomas E. Morris, or T. Edward Morris, and therefore is good against the world. The record in the cause is also stipulated into the agreed state of facts.

In *Dilts* v. *Kinney, 15 N. J. Law 130,* where the plaintiff sued as Margaret Kinney, Chief Justice Hornblower said: "It was sufficient if she was known as well by the name of Margaret Kinney as of Margaret N. Kinney, or Margaret Ann Kinney. The law knows only of one Christian name. *Co. Litt. 3 a; Evans* v. *King, Willes 554; Franklin* v. *Talmadge, 5 Johns. 84.* This is not like the case of variance between the writ and declaration as in *Bowen* v. *Mulford, 8 N. J. Eq. 751,* and *Wilber* v. *Widner, 1 Wend. 55.*"

In *Elberson* v. *Richards, 42 N. J. Law 69,* where the attachment was taken out against Mrs. J. W. Elbertson, Mr. Justice Scudder said: "It must be stated with certainty who are the parties to the suit, and actions to be properly brought must be commenced and prosecuted in the proper Christian and surnames of the parties," citing *1 Chit. Pl. 256.* He excepted from this rule actions on promissory notes and similar instruments excepted by the statute.

In *Schaffer* v. *Levenson Wrecking Co., 82 N. J. Law 61*, Mr. Justice Trenchard said: "By the common law, since the time of the Norman conquest, a legal name has consisted of one Christian or given name, and of one surname, patronymic, or family name. The surname, or family name, of a person is that which is derived from the common name of his parents, or is borne by him in common with other members of his family. The Christian name is that which is given one after his birth, or at baptism, or is afterwards assumed by him in addition to his family name," and it appearing that the uncontradicted testimony was that the plaintiff's name was H. Allen Schaffer, the court held that the suit was properly instituted in that name.

Other cases dealing with the question are *Seeley* v. *O'Schenck and Denise, 2 N. J. Law 71; Crandall* v. *Denny & Co., 2 N. J. Law 137; McCreedy* v. *Vanneman, 3 N. J. Law 127, *870; Burns* v. *Hall, 3 N. J. Law 539, *984; Kearsley* v. *Gibbs, 44 N. J. Law 169; Leon* v. *Dittman Powder Co., 42 N. J. Law 540; McGrew* v. *Steiner, 77 N. J. Law 377*.

The stipulation does not state what Christian name was given Morris at birth or baptism. It is perfectly clear that it was not Edward. The fact that he was known as Thomas E. and Eddie indicates that the prefix "T" was intended for Thomas, and that his full name is Thomas Edward Morris. But following a not uncommon practice, he abbreviated his Christian name to its initial "T" and used the middle name in full, thus adopting for general use the name T. Edward Morris. If reference be made to the master's report, it will appear from the proofs taken by the master and annexed to the report that the name is Thomas Edward Morris; and consulting the searches of the records filed in the cause, the petition for letters of administration disclose his name to be Thomas E. Morris; and in a recorded mortgage made to Mary Goelz, a defendant, he is described as Thomas E. Morris.

In the absence of the admissions in the stipulation that he was known as Thomas E. (thus indicating in full his Christian name), and treating the case as though his proper name is T. Edward Morris, so as to bring it within the rule laid down in the

*Schaffer Case, supra,* he is still short of proof that the judgment was against the defendant in his proper name.

Following the authorities above cited, I am inclined to the view that a court of law, on proceedings properly instituted, would set aside the judgment. But the judgment stands of record in full force and effect against Edward Morris, and the executors ask that it be given the effect of a judgment against Thomas E. Morris, or T. Edward Morris, as against an innocent purchaser. By our statute, a judgment in the district court may be docketed in the court of common pleas, and when so docketed, becomes a lien on lands, and the clerk is required to note the judgment in a proper index. The object of this is to give notice to the world of the existence of the judgment and of its lien. Considering the law above set forth, would it be negligence on the part of a searcher to treat a judgment against Edward Morris as against Thomas E. Morris or T. Edward Morris? I think not. If the judgment, on a proper application, would be set aside in a court of law, by reason of the absence of the Christian name, or proper name of the party defendant, why should a searcher go farther when he finds that the Christian or proper name of the defendant in the judgment is not the Christian or proper name of the person against whom he is searching? To hold otherwise would greatly increase the expense in, and render more hazardous, land transactions, and be contrary to the existing law.

The decree will be for the trust company.

The wife of Thomas also transferred her interest to the trust company, and, as the allotment on the share of Thomas is insufficient to pay the trust company's claim, with interest and costs, it is unnecessary to pass upon the respective rights of the executors and Morris under the judgment, as between themselves.