J. WARREN TOMPKINS *vs.* COLUMBUS W. SEELY and wife, SETH WHITNEY and others.

Time is of the essence of an agreement for the sale and purchase of real estate; and if the execution of the contract is suspended for ten years, without any fault on the part of the purchaser, he will not be compelled to fulfill it.

On the 8th of December, 1847, S. entered into an agreement with H. for the purchase of lands; the time appointed for the payment of the purchase money and the delivery of the deed being the 1st of April, 1848. H. died in March, 1848, leaving infant heirs, and leaving the contract unexecuted. S. entered into possession of the property, and made improvements thereon. And he, after the death of H., united with H.'s administrator in an application to the court for its aid to carry the contract into effect, and deposited with a trust company the sum of $1500, on account of the purchase money, to be paid over whenever a conveyance of the property should be effected. This sum was subsequently paid over to the administrator of H., under an order of the court. *Held,* that S. had exhibited substantial evidence of his willingness and readiness to perform his part of the agreement; and no valid deed having been tendered by the heirs of H. within ten years from the date of the contract; *Held further,* that even if the heirs were now capable of performing the stipulations of the agreement, S. and those claiming under him, were entitled to be relieved from its obligations, after such a lapse of time, and to have whatever they had paid, on account of it, refunded to them.

Tompkins *v.* Seely.

*Held also*, that S. had an equitable right to look to the property for the reimbursement of the $1500 paid over to the heirs of H., if such heirs failed or were incapable of performing the agreement of sale within a reasonable time ; and that he had an equitable lien upon the land, to that extent.

*Held further*, that an assignee of S.'s interest in the contract succeeded to all the rights in the contract, and to the money paid under it, that S. possessed. And that when such lands were about to be sold, under a prior mortgage, such assignee had such an interest in the subject as entitled him to pay the amount due upon the judgment of foreclosure, and to be subrogated to all the rights of the mortgagee.

APPEAL from a judgment entered at a special term. The action was brought to recover back moneys paid by the plaintiff, as assignee of the purchaser, in part performance of a contract for the sale and purchase of land. The cause was tried, at the circuit, before Justice LOTT, who directed a judgment to be entered setting aside the contract ; and directing a sale of the premises, and that out of the proceeds the plaintiff be paid, 1. The costs and allowance in this suit, and the expenses of the sale. 2. The amount due on the Whitney judgment, on the 21st of June, 1851. 3. In case there should be a surplus, that the sheriff pay to the plaintiff the sum of $1500 deposited in the trust company, with interest from April 6th, 1848, after deducting amount due for rent, or use and occupation of the premises, by the plaintiff or his assignor. The defendants appealed from the judgment.

*J. W. Tompkins*, in person.

*S. E. Lyon*, for the defendants.

*By the Court*, BROWN, J. The plaintiff prosecutes this action as the assignee of the defendant Columbus W. Seely, and its object is to recover back certain moneys paid by Seely in part performance of an agreement for the purchase of certain lands in Yorktown, Westchester county, made with Joseph R. Hyatt, the ancestor of some of the defendants, and also to recover moneys paid by J. Warren Tompkins,

the present plaintiff, in satisfaction of a mortgage lien held by the defendant Seth Whitney upon the same premises. The contract bears date on the 8th December, 1847 ; and the time appointed for the payment of. the purchase money and the delivery of the deed of conveyance, was the first day of April thereafter. Joseph R. Hyatt, however, died on the 24th of March thereafter, leaving a number of children, who are made defendants in this action, some of whom were infants, and leaving the contract unexecuted. Seely was to pay $5000 for the premises ; three thousand dollars on the first day of April, upon the delivery of the deed, and assume the payment of Seth Whitney's mortgage upon the premises, for $2000. He was then to be entitled to a deed from Joseph R. Hyatt, good and sufficient for conveying and assuring to him the premises purchased, with the tenements, hereditaments and appurtenances, and all the buildings and erections thereon, whether affixed to the soil or not, or in part upon the turnpike in front of the premises or not. The deed was to contain full covenants, subject only to the incumbrance of Whitney's mortgage for $2000. "These were Seely's rights under the contract—rights of which he could not be divested or deprived, and which could not be impaired, except by his own act, and by his own consent." It remains to be seen by what means, and in what forms and process of law, these rights were claimed to be satisfied.

George E. L. Hyatt, one of the defendants, took out letters of administration upon the estate of Joseph R. Hyatt, deceased, and presented his petition to the supreme court for the specific performance of the intestate's agreement with Seely, pursuant to the statute. The counsel for the defendants, in their written statement of facts furnished to the court, assert that these proceedings were regular, and that on the 6th of June, 1848, a final order was made therein, authorizing a conveyance of the land, according to the terms of the agreement. I read them in a very different light. I think they are marked by a very indifferent appreciation—I may

say a misapprehension—of Seely's rights under the contract; for the order of the 6th June wholly omitted to provide for a conveyance of the interest of two of the infant heirs, and was silent as to the form and the covenants of the deed. The agreement contained a peculiar and expressive provision in regard to the erections upon the premises to be conveyed, and the proof in this action disclosed the fact that the water supplied to the premises was conducted in pipes from the lands of an adjoining owner, and to which the vendor had no other title but a mere license. It would have been wise, therefore, in the order of reference made in the proceeding, to have directed the referee to inquire whether the contract was capable of execution by the heirs at law of the vendor. Nothing of the kind, however, seems to have occurred to those who conducted the proceedings. Seely's disposition to have the contract carried into effect, and to perform it on his part, is manifested by his assent indorsed upon the petition that the order prayed for be granted ; but it certainly is a subject of regret that the counsel for the petitioner, George E. L. Hyatt, upon the motion to confirm the referee's report, and for the order of the 6th June, 1848, was also the counsel for Columbus W. Seely upon the same motion ; for to this circumstance may probably be attributed the want of that critical examination of the provisions of the order, which would have detected the omissions that rendered it defective, and of no practical value, in the judgment of the court of appeals. It is another proof of the inaccurate and imperfect character of these proceedings, that the deed of the 8th June, executed by virtue of the order of the 6th of June, 1848, conveys, or professes to convey, the interests of the infant heirs, Pamelia Hyatt and Joseph E. Hyatt, whose names are omitted in the order. This deed, as the court of appeals afterwards decided, Seely was not bound to accept, and he refused to accept it, as a performance of the contract. In a subsequent application to the special term of this court, Seely was told that he was not at liberty to impeach the order of the 6th of June. That

all the questions in regard to the performance of the contract had been settled, save that in regard to the form of the deed. That he was entitled to a deed with covenants which should bind the heirs to the same extent as if such covenants had been made by the intestate in his lifetime. And that upon tendering a deed with such covenants, an attachment should issue against him unless he accepted it in performance of the contract. Another deed of the date of the first of November, 1848, was prepared and tendered to Seely, in pursuance of this direction, and it is remarkable for its entire disregard of precedents, of legal principles, as well as of the directions of the judge at the special term. It is executed by the infant heirs in person, as well those named in the order of the 6th June, as those whose names are omitted in the order. It contains a covenant of seisin and for quiet enjoyment, a covenant for further assurance and a covenant of warranty jointly by all the grantors, adults as well as infants, not limited in the extent of the liability of the covenantors to the assets received or inherited from the ancestor, but unqualified and unlimited except by the qualifications and limitations which the law puts upon all similar covenants. This deed was also tendered and refused; and when it came before the court of appeals, upon an appeal from the orders which directed Seely to receive it and pay over the balance of the purchase money in performance of the contract, or that an attachment issue against him, that court held that there was no order authorizing a conveyance of the shares of the infants, Pamelia and Joseph E. Hyatt, and that their share of the lands would not pass under the deed. That the guardian had no authority or power to insert covenants in the deed to bind the infants. That it was imperfectly and illegally executed, and Seely was not under any obligation to accept it in execution of the contract. The court reversed the orders appealed from, leaving the order of the 6th June, 1848, in force, as far as it could have any legal force, but with the explicit and emphatic expression of opinion that it did not authorize the execution and deliv-

ery of a deed which Seely was bound to accept in performance of the contract, and which would vest in him the title to the property therein mentioned. (*See Hyatt* v. *Seeley*, 1 *Kernan*, 52.)

The impediments found in the way of a specific performance of the agreement have certainly not been placed there by Seely. If there are errors in the proceedings taken in this court to effect that object, they are not his errors, and he is in no wise responsible for their consequences. He entered into the possession of the property in good faith. He made improvements upon it. He united with the administrator of Joseph R. Hyatt in an application to this court for its aid to carry the contract into effect. He deposited, under a stipulation with the administrator, in the New York Life Insurance Company, the sum of fifteen hundred dollars, on account of the purchase money, to be paid over whenever a conveyance of the estate was effected. And this money was, by the order of the special term, taken from the hands of the depositary and paid over to the administrator. He has thus exhibited substantial evidence of his willingness and readiness to perform his part of the agreement. If the heirs at law of the deceased Joseph R. Hyatt were capable now of performing the stipulations of the agreement, I should, notwithstanding, think Seely, and the plaintiff claiming under him, should be relieved from its obligations, after this lapse of time, and whatever they have paid on account of it should be repaid to them. Time is certainly of the essence of such an agreement; and if its execution is suspended for ten years, without fault on the part of the purchaser, it would be inequitable and unjust to require him to fulfill it now.

Under the deed of assignment the plaintiff has all the rights to the contract, and to the money paid under it, that Seely had. Seely had an undoubted equitable right to look to the property in question for the reimbursement of the $1500, and the interest, delivered over to the administrator under the order of the court, if the heirs at law of Joseph R. Hyatt failed, or were incapable of performing the agreement

of sale within a reasonable time. He had an equitable lien upon the lands to that extent. And when the lands were about to be sold under Whitney's mortgage, the plaintiff, who had succeeded to Seely's rights, had such an interest in the subject as entitled him to pay the amount due upon the judgment of foreclosure, and to be subrogated to all the rights of Whitney, the mortgagee. It is not a good argument against this conclusion to say that Seely was bound to pay the amount due to Whitney as a part of the purchase money. And as the plaintiff succeeded to Seely's liabilities as well as his rights, in paying off the mortgage he was doing no more than he was bound to do. The delivery of the deed of conveyance, the payment of the purchase money, and the assuming to pay Whitney's mortgage, were concurrent acts, to be done at one and the same time. The obligation of Columbus W. Seely to pay, or to take upon himself to pay, Whitney's mortgage was not perfect until Joseph R. Hyatt, or those who succeeded to his rights, were in a condition and ready to execute the deed of conveyance in conformity with the terms of the contract.

I think the judgment should be affirmed, with costs of the appeal.

[DUTCHESS GENERAL TERM, May 9, 1859. *Lott*, *Emott* and *Brown*, Justices.]