CHARLES H. VANDUSEN, as RECEIVER OF PHILO
HASKINS, v. DANIEL WORRELL.

*Evidence—Deed may be proved Mortgage.*

It is competent to prove that a deed absolute upon its face is in fact designed
as a mortgage.

THIS was an action in equity, brought by the receiver of Philo
Haskins, claiming to recover from the Defendant the proceeds of
the sale of certain lands, or of the value thereof, with certain
deductions, on the ground that the lands were conveyed to the
Defendant by way of mortgage for the security of a certain debt.
The Defendant claimed to be the absolute owner, and denied all
liability.    The referee found in favor of the Plaintiff, and the
General Term of the Eighth District affirmed his judgment.    The
facts are more particularly stated in the opinion of the Court.

*P. L. Ely* for Appellant.
*John T. Murray* for Respondent.

HUNT, J.—On the 17th day of June, 1846, Philo Haskins, being
the owner of about forty-eight acres of land, executed to the
Defendant and one Joshua Worrell his mortgage upon the same,
to secure the payment of two hundred dollars, and accompanied
the same by his bond.    On the 21st day of January, 1846, Joshua
assigned his interest in the bond and mortgage to the Defendant.
On that day the Defendant lent to Haskins a further sum of three
hundred dollars, and Haskins and wife executed to him a warranty
deed of the forty-eight acres.    This deed was given as security
for the three hundred dollars then loaned, and for the amount
remaining unpaid on the bond and mortgage before mentioned.
The Defendant and his wife afterward sold the premises to Wil-
liam B. Follett for the sum of fourteen hundred dollars.    This
action is brought, asking a judgment that Worrell was a trustee
of Haskins for the balance, after deducting the three hundred
dollars loaned, the amount due on the bond and mortgage, with
a reasonable compensation for the trouble of the Defendant, and

and that he be directed to pay over such balance. The referee found a balance of twelve hundred and twelve dollars to be due to the Plaintiff as receiver of Haskins, for which he rendered judgment in his favor, and the General Term of the Eighth District affirmed his judgment. The Defendant now appeals to this Court.

But a single question is presented for our consideration, to wit: was it competent for the Plaintiff to prove that the deed from Haskins to Worrell, although in form an absolute conveyance, was in fact, by the engagement of the parties, a mortgage merely? This question was decided in favor of the Respondent in Hodges *v.* Tennessee Marine and Fire 'Insurance Company (4 Seld. 416), and was again decided by this Court in the same manner, in June, 1866, not yet reported, in the case of Loveridge *v.* Oyer.

Judgment should be affirmed with ten per cent. damages.

All affirm.

PARKER, J.—The parol evidence admitted by the referee upon the trial, tending to show that the deed from Haskins to the Defendant was intended as a mortgage, was properly received (Hedges *v.* Tennessee Ins. Co., 4 Seld. 416; Sturtevant *v.* Sturtevant, 20 N. Y. R. 39).

The referee found the fact that it was intended as a mortgage, upon sufficient evidence. Hence lies conclusion of law that the Plaintiff was entitled to recover the money received by Defendant upon a sale of the premises, after deducting the sums and interest which it was given to secure and reasonable charges for effecting the sale, of which the Defendant has no right to complain.

The judgment appealed from should be affirmed with costs.

All affirm.