SYLVESTER S. STODDARD, Appellant, *v.* LEWIS E. WHITING, Respondent.

Where, in an action tried by a referee, the case does not contain any of the evidence, but simply the referee's findings of fact and conclusions of law, the presumption is, that there was no evidence from which any other facts could be found, and where the conclusions of law are excepted to the question is, whether such conclusions are warranted by the facts found. (*Chubbuck* v. *Vernam,* 42 N. Y., 433, explained.)

A. S. entered into a written contract with the owner for the purchase of a parcel of land, and under it went into possession. Not being able to pay the purchase-money at the time fixed by the contract, he made a parol agreement with defendant, by which the latter agreed to and did pay a portion of the purchase-price, took the title and gave his bond, secured by a mortgage upon the land, out of the avails of which the balance was paid. It was agreed that defendant was to hold the title as security for the money advanced, the liability incurred, and certain other claims against A. S. A. S. continued in possession for two years. Defendant then entered into possession, no portion of the money advanced or secured having been paid him. By an instrument in writing, not under seal, A. S. assigned to plaintiff all his right, title, and interest, legal or equitable, in the premises.—*Held,*

1st. That by the contract with the vendor, A. S. became vested with the equitable title to the land, which interest was capable of being mortgaged; and that under the agreement with defendant the latter took and held the title as mortgagee, subject to the right of A. S. to redeem.

2d. That the terms of the assignment by A. S. to plaintiff, were sufficient to embrace and transfer the equity of redemption, and as an incident thereto, the right to an account of the rents and profits; and that as it was not a grant, in fee, or of a freehold interest, a seal was not requisite to its validity, nor was it invalidated by the fact of defendant being in possession, and denying the right of redemption.

(Argued November 29th, 1871; decided December 12th, 1871.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial district, affirming a judgment in favor of defendant, entered upon the report of a referee.

The action is brought by plaintiff, as assignee of Abiel Stoddard, to redeem certain real estate, alleged to have been conveyed to defendant, as security for the repayment of certain advances made and liabilities incurred by him. The facts are sufficiently set forth in the opinion.

*A. Pond,* for appellant. The contract of vendor with Abiel Stoddard, vested in the latter the equitable title which the former held as trustee for him. (*McKechnie* v. *Sterling,* 48 Barb., 330; *Moore* v. *Burrows,* 34 id., 173; *Sanders* v. *Aldrich,* 25 id., 70; *Rood* v. *N. Y. and Erie R. R. Co.,* 18 id., 83; *Van Allen* v. *Humphrey,* 15 id., 557; Story's Eq., §§ 789-792, 1212.) The title taken by defendant was a new mortgage title, and Abiel Stoddard had the right to redeem. (*Ryan* v. *Dox,* 34 N. Y. Rep., 307; *Murray* v. *Walker,* 31 id., 399; *Van Duzen* v. *Worrell,* 3 Keyes, 311; *McBurney* v. *Wellman,* 42 Barb., 390; *Tibbs* v. *Morris,* 44 id., 139; *VanBuren* v. *Olmstead,* 5 Paige, 9; *Lane* v. *Sears,* 1 Wend., 433; *Sweet* v. *Mitchell,* 15 Wis., 641; *Elliott* v. *Wood,* 53 Bar., 285, 302; *Ellsworth* v. *Lockwood,* 42 N. Y., 89, 94; *Brown* v. *Jones,* 46 Bar., 400; *Bucklin* v. *Bucklin,* 1 Keyes, 147; *Case* v. *Carroll,* 35 N. Y., 390.) Parol evidence was admissible to show the deed a mortgage. (*Van Duzen* v. *Worrall,* 3 Keyes, 311; *Hodges* v. *Tenn. Ins. Co.,* 4 Seld., 416; *Ryan* v. *Dox,* 34 N. Y., 307; *Tibbs* v. *Morris,* 44 Barb., 139; *Van Buren* v. *Olmstead,* 5 Paige, 9; *Lane* v. *Sears,* 1 Wend., 433; *Sweet* v. *Mitchell,* 15 Wis., 641.) The interest of Abiel Stoddard was equitable only, and no seal was necessary to render assignment valid. (*Jackson* v. *Seeley,* 16 Johns., 197, 199; and see *Olcott* v. *Wood,* 14 N. Y., 32; *Wadsworth* v. *Wendell,* 5 Johns. Ch., 224; *Bissell* v. *Morgan,* 56 Barb., 369, 374.) Nor was assignment void because plaintiff was in possession, claiming to hold adverse

to Stoddard. (*Borst* v. *Boyd*, 3 Sandf. Ch., 507; *Chalmers* v. *Wright*, 7 Rob., 713.) The language of assignment was broad enough to transfer all of Abiel Stoddard's interest. (*Borst* v. *Boyd*, 3 Sandf. Ch., 501, 509; *Waldron* v. *Willard*, 17 N. Y., 466; *The Oneida Bank* v. *The Ontario Bank*, 21 id., 490; *Springsteen* v. *Samson*, 32 id., 703.) The transfer being sufficient as between the parties, defendant cannot question it. (*Hooker* v. *Eagle Bank*, 30 N. Y., 83; *Nelson* v. *Eaton*, 26 id., 410; *Flagg* v. *Munger*, 5 Seld., 483, 492; *Clark* v. *Titcomb*, 42 Barb., 122, 124; *Nelson* v. *Edwards*, 40 id., 280; *Moore* v. *Burrows*, 34 id., 173; *Seaman* v. *Van Rensselaer*, 10 id., 81; Will. Eq. Jur., 460; *Van Ettan* v. *Currier*, 3 Keyes, 331.) The referee's conclusions of law are to be reviewed, on the assumption that the facts stated by him are correctly found. (*Flora* v. *Carbeau*, 38 N. Y., 111, 113; *Fake* v. *Whipple*, 39 Barb., 339, 345; *Ward* v. *Kalbfleish*, 21 How., 283–285; *Myers* v. *Betts*, 5 Denio, 81; *Heeley* v. *Barnes*, 4 id., 73; *Tappan* v. *Butler*, 7 Bosw., 481, 487; *Bascom* v. *Smith*, 31 N. Y., 595, 605.) Defendant is not entitled to compensation for his services, as he devised the land. (*Ireland* v. *Potter*, 25 How., 175; *Moore* v. *Cobb*, 1 Johns. Ch., 388.)

*J. A. Shoudy*, for respondent. This court will assume, in support of judgment, that the referee found not only facts stated in report, but all other necessary ones which the evidence tended to prove. (*Valentine* v. *Conner*, 40 N. Y., 254.) The evidence not being in case, the judgment should be affirmed. (*Chubbuck* v. *Vernam*, 42 N. Y., 432; *Freeman* v. *Freeman*, 43 id., 37.) A party seeking relief in equity must prove the particular agreement alleged. (*Philips* v. *Thompson*, 1 Johns. Ch., 131; Willard's Eq. Jur., 286; Fry, § 287; *Wolfe* v. *Frost*, 4 Sandf. Ch., 72.) Equitable jurisdiction is only exercised to prevent fraud and injustice. (Fry, § 288; *Buckmaster* v. *Harrop*, 7 Ves., 346; *Lowry* v. *Tew*, 3 Barb. Ch., 413; *Freeman* v. *Freeman*, 43 N. Y., 34.) The referee has found no fraud, and in the absence of evidence, this can-

not be disputed. (*Lobdell* v. *Lobdell*, 36 N. Y., 330.) Under the statute of uses and trusts, when consideration is paid by one, and with his consent, title is vested in another, no interest vests in the former. (*Garfield* v. *Hatmaker*, 15 N. Y., 475; *Sturtevant* v. *Sturtevant*, 20 id., 39; *Brown* v. *Cherry*, 59 Barb., 628; *Loomis* v. *Loomis*, Albany Law Journal of November 4, 1871, to appear in 60 Barb.) If plaintiff's assignment passed any interest, it was only by way of mortgage, and, as mortgagee, he only has a lien. (*Stewart* v. *Hutchins*, 13 Wend., 485.)

GROVER, J. The counsel for the respondent insists, that as the case does not contain any of the evidence given upon the trial before the referee, but only the facts found by him, and his legal conclusions thereon, and the exceptions taken by the appellant to such legal conclusions, no question is presented that can be reviewed by this court, and cites in support of this position *Chubbuck* v. *Vernam* (42 N. Y., 432). In the syllabus of the reporter it is stated, that when the case contains none of the evidence, and only the findings of fact and conclusions of law of the referee, an exception to the conclusions of law as not authorized by the facts found, is not good. One of the opinions delivered sustains this idea. The learned judge says, a party seeking to uphold the report of the referee is entitled to the benefit not only of the facts actually found by the referee, but also if necessary to sustain the conclusions of law found by the referee, to all such facts as the evidence tended to prove, and as the referee might have found in his favor. Hence without examining the case further there would be abundant reason for affirming the judgment. This entirely overlooks the obvious fact, that in the absence of all the evidence, it can never appear that there was any evidence tending to prove any additional facts, and therefore authorizing an assumption of the finding of any such facts. The judge did not base his judgment upon this ground alone, but proceeded to show that from the facts the conclusions of law were correct. In the other opinion published, no allusion is

made to any such reason for the affirmance of the judgment. This shows that no such question was determined in the case. The true rule where the case does not contain any of the evidence but the finding of facts only, is to assume that there was no evidence from which any other fact could be found, and where the conclusions of law in such a case have been excepted to, the question to be determined is, whether such conclusions are warranted by the facts found. That is the question in the present case. From the facts found it appears that in April, 1864, one Abiel Stoddard entered into a written contract with the owner for the purchase of a parcel of land situate in the county of Saratoga, for the sum of $2,500, to be paid in one year, upon payment of which he was to receive a conveyance of said land from the vendor; that he entered into possession of the land by the consent of the vendor; that about the time the purchase-money became due, being unable to pay it, he entered into a parol contract with the defendant, by which he was to advance for him to the vendor $500 and receive a conveyance from the vendor of the land in his own name, and upon receiving such conveyance execute to one Davison a mortgage upon said land for $2,000, together with his bond for the same amount, with the proceeds of which the vendor was to be paid the balance of the purchase-money; that it was further agreed that the defendant should hold the title thus acquired, as security for the money advanced by him and the liability incurred, and also as security upon another transaction between the parties, and permit Stoddard to redeem the same in one year, or at some time thereafter which was not particularly specified; that this agreement was so far executed, that in pursuance thereof the vendor was paid, and a conveyance of the land executed to the defendant; that Stoddard continued in possession of the land for about two years, receiving the profits thereof, and made improvements thereon to the amount of $200. That at the expiration of that time the defendant entered into possession, and has since received the rents and profits, and cut and removed timber therefrom of considerable value. That

Stoddard has not paid the defendant the money advanced by him, or any part thereof. That Stoddard, before the commencement of the action, by an instrument in writing by him signed, but not sealed, for a valuable consideration assigned and transferred to the plaintiff all his right, title, and interest in and to the premises, whether legal or equitable. From these facts the legal conclusions of the referee were, that the plaintiff was not entitled to redeem ; that the defendant was the legal owner of said land, freed from any legal or equitable lien or interest of the plaintiff. To which the plaintiff excepted. The question is, whether these conclusions are correct. The agreement of the vendor to sell and convey the premises made with Abiel Stoddard, vested in him the equitable title to the land, and made him his trustee of the legal title, while he became the trustee of the vendor of the purchase-money. (Story's Equity, §§ 789, 792, 1212 ; *McKechnie* v. *Sterling*, 48 Barb., 330 ; *Moore* v. *Burrows*, 34 id., 173.) This equitable interest in the premises was capable of being mortgaged. (*Murray* v. *Walker*, 31 N. Y., 399.) A deed absolute upon its face, may be shown by parol to have been intended as a security, and if so shown, will be held to be a mortgage. (*Clark* v. *Henry*, 2 Cown., 327 ; *Van Buren* v. *Olmstead*, 5 Paige, 9 ; *Hodges* v. *The Tennessee Fire*, etc., *Co.*, 4 Selden, 416 ; *Van Duzen* v. *Worrell*, 3 Keyes, 311.) When the owner of the equitable title directs his trustee of the legal title to convey such title to a third person as security for a debt of the former to the latter, or as security for any other person, it is obvious that the latter holds such title as mortgagee of the former. That he did direct such conveyance for such a purpose may be shown by parol. This is equally as clear as that an absolute deed may be so shown to have been intended by the parties as a security, and therefore, a mortgage. Whether the legal title is held by the party wishing to mortgage the land, and the deed, therefore, given by him, or such title held by a third person as his trustee, who conveys the same at his request, does not affect the rule in this respect. The counsel for the respondent made an able argument, to

show that the facts found by the referee, were not such as to warrant the court's decreeing specific performance of the contract between the defendant and Abiel Stoddard. But that is not the relief sought by the action. That relief is a redemption by the mortgagor of the premises from the mortgagee, and the rules governing cases of specific performance have no application. As was said in *Case* v. *Carroll* (35 N. Y., 385, by DENIO, J.), in equity the relations of the parties were those of mortgagor and mortgagee, and the equity of redemption could not be cut off without a strict foreclosure or foreclosure and sale in a court of equity. The way to dissolve such a relation is well settled, and that is, to call upon the mortgagor to redeem or be foreclosed. It follows, that from the facts found by the referee the plaintiff was entitled to redeem; and it appears from the opinion that such was the conclusion of the General Term, but for the obstacles hereafter commented upon. The first ground taken by the General Term was, that there was no seal affixed to the instrument by which Abiel Stoddard attempted to transfer his interest in the premises to the plaintiff, and that for this reason, it was void. For this, the learned judge relies upon section 137 (1 R. S., 738). But that section includes only grants in fee, or of freehold estates in land. The interest transferred by Abiel Stoddard to the plaintiff was neither of these estates, but simply an equitable right of redemption. Consequently, the statute has no application to this case. The learned judge also refers to section 6 (2 R. S., 134). That section provides, that no estate or interest in lands, other than leases for a term not exceeding one year, etc., shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing. The instrument in question was subscribed by Abiel Stoddard. We have already seen that the interest transferred was not such as to bring the case within the provisions of section 137 (1 R. S., 738), and that, there-

SICKELS—VOL. I.   80

fore, a seal was not requisite to the validity of the instrument
It is further said that the instrument executed by Abiel Stod-
dard was not sufficient to transfer his right of redemption to
the plaintiff. The language of that instrument is, so far as
applicable to this question, " all of my right, title and interest
whatever to the land," describing it. This is sufficient to
embrace an equity of redemption ; and the right to an account
of the profits, etc., received by the defendant passed therewith
as an incident thereto. The remaining ground suggested, but
not passed upon in the opinion, was, that the instrument pur-
porting to transfer the interest of Abiel Stoddard to the
plaintiff was void, for the reason that, at the time of its
delivery, the defendant was in possession of the land, claiming
adversely to the plaintiff. No such fact is found by the
referee ; but reference is made to the complaint. That states,
in substance, that the defendant was in possession, and denied
the right of Abiel Stoddard to redeem. No authority is
referred to ; but I apprehend that the learned judge had in
view section 147 (1 R. S., 739). That provides that every
grant of lands shall be absolutely void, if, at the time of the
delivery thereof, such lands shall be in the actual possession
of a person claiming under a title adverse to that of the
grantor. But it was not a grant of the lands, but of the equity
of redemption, that was transferred by the instrument. (See
*Bissell* v. *Morgan*, 56 Barb., 369.) It follows, that the judg-
ment entered upon the report of the referee, and that of the
General Term, affirming the same, must be reversed. From
the facts found by the referee, it must be adjudged that the
plaintiff has the right to redeem. But the referee has taken
the accounts, and determined the sum to be paid by the plain-
tiff for the redemption, in case he has that right, on the first
day of April, 1869. That sum is $2,787.88. This includes
the $2,000, the amount of the mortgage given to Davison, as
paid by the defendant. If this has actually been paid by him,
that amount appears to be correct. If any portion of that
remained unpaid, such portion should be deducted from that
amount. The counsel for the appellant insists that the items

allowed to the defendant for his services should be shut out. But the referee found, in substance, that the defendant was to hold the title as security for these services, as well as for the money advanced by him. I see no reason why the finding of the referee, in this respect, should be interfered with. The general rule is, that a party, coming into court, asking for a redemption, must pay all the costs, although found entitled to the relief sought. But this rule is only applicable to cases where the conduct of the defendant is, in all respects, fair and equitable. That is not so in this case. The defendant has resisted the plaintiff's right, and persistently litigated the same. In this he is found in the wrong, and should not, therefore, recover costs. The plaintiff's assignor was not prompt in the assertion of his right, and, by his laches, the expense of the accounting was rendered necessary. The plaintiff, as his assignee, is in no better situation than his assignor would have been had he instituted the suit. I think a proper disposition of the case will be, to reverse the judgment below, and order judgment upon the facts found by the referee, declaring the plaintiff entitled to redeem by paying the amount above stated, in case the defendant has satisfied the Davison mortgage in full, and if not, the amount due thereon in April, 1869, to be deducted from the amount so to be paid by the plaintiff; a reference to be had to determine this fact, and take and state the proper account from that time to the time fixed for the payment of the money, such payment to be made in —— months after the determination of the amount to be paid, and, in case such payment is not so made, the plaintiff to be foreclosed of all right of redemption and of all claim to the premises, without costs to either party as against the other.

All concur.

Judgment accordingly.