Earl, J.
This action was brought to enforce the specific performance of a contract for the sale of land by the vendor against the vendee. The vendee defends on tbe ground that the plaintiff is not able to give such a title to the land as he has the right to demand and receive. The material facts are as follows : In the year 1842, and prior thereto, the land was owned in fee-simple by one Hartshorn, then a resident of this state, who, in December of that year, was, upon his own application, adjudged a bankrupt by the United States district court for the Southern district of New York, pursuant to the bankrupt act of 1841. He obtained his final discharge from his debts in 1843, and prior thereto no debts had been proved against his estate. But after his discharge in May, 1848, a debt of $194 was proved ; and that was the only one, so far as the record discloses, that was proved. William C. H. Waddell was the official general assignee in bankruptcy for the Southern district of New York, and as such became vested with the title to the land. On the twenty-second of March, 1844, he made a report, recommending a sale of the land, and thereafter he advertised it for sale, and on the seventh of May, 1844, it was sold at auction, and bid off by one Reed, for the price of two dollars. John Townshend, claiming to have purchased the bid from the administratrix of Reed, in 1866 applied to Waddell for a deed of the land; and, on the fourteenth of that month, Waddell executed a deed to him, which was placed upon record on the second of October, 1869. In 1871 Townshend conveyed the land to one Yan Schoeiieng, who, in 1874, mortgaged the same to Francis B. Hegeman. That mortgage was subsequently foreclosed, and the land was bid off by, and conveyed to, Mrs. Hegeman, and the plaintiff, under a power of sale contained in her will, entered into the contract of sale to the defendant.
The courts below held that the plaintiff was not able, to convey a good title to the land, and based their decision upon the case of Smith v. Long, 12 Abb. N. C. 113, in which it is claimed this court decided that, under the bankrupt law of 1841, an assignee in bankruptcy had no power to dispose of the real estate of the bankrupt, except in pursuance of an order of the bankrupt court, fixing the time and manner of such sale, and that, if there was no such order, the omission was jurisdictional, and the sale void under section 9 of the bankrupt act, which required that all sales, transfers, and other conveyances by the assignee of the bankrupt’s property should be made at such time and in such manner as should be ordered and appointed by the court in bankruptcy. Here there was no order of any kind of the bankrupt court directing the sale.
*587 It is strenuously contended on behalf of the plaintiff now, as it was in the case of Smith v. Long, that the absence of the order, even if irregular, did not render the sale, and the deed given in pursuance thereof, absolutely void. It is claimed that a very large amount of real estate in the city of ~New York is~ held under deeds executed by .Waddell, as assignee, in pursuance of sales made in the same way, witliou-t any order of the bankrupt court, and that it would unsettle many titles now to hold that the deeds of the assignee under such circumstances were void. It is proper to say, in reference to the case of Smith v. Long, that after it was decided, a motion for reargurnent was made, and that motion was never decided, for the reason that the case was settled, and the opinion was therefore withheld from publication in the reports of this court. There were two grounds stated in the opinion for the reversal of the judgment in that case, and the decision can rest upon the one ground that the grantee of the land there in question had no right under the Oode to commence and maintain his action in the name of his remote grantor, and, under the circumstances, the last ground stated in the opinion for the reversal of the judgment, to-wit, that the sale and deed were void because there was no order of the court fixing the time and manner of the sale, should still be regarded as an open question in this court. It was not necessary to decide it in that case, and it was not finally determined. There is some dispute, both upon reason and authority, whether the order was a necessary pre-requisite to the validity of a sale and deed under the bankrupt act; and the abl~ judge who wrote the opinion in Smith v. Long reached the conclusion that it was: and whether it was or not should not be determined in this case in the absence of the bankrupt or his heirs, who would not be bound by any decision which might be made in the litigation between these parties.
But there are other grounds for the affirmance of this judgment. These facts standing alone,-to-wit, that no debts were proved against the estate of the bankrupt before his discharge, and but one small debt afterwards; that the land was sold by the assignee for but two dollars, without any proof even that that was paid, or that any binding contract for the sale was made; that no deed was given by the assignee until after the lapse of 22 years, when no conveyance could have been compelled, and that the deed was then given without any order of the court, and that no possession ever accompanied the title under the assignee's sale,-leave piaiiitiff~s title involved in iiiucli infirmity a~d uncertainty that any court could well decline to compel a vendee, entitled to a good. marketable title, to take a conveyance thereof. Fry, Spec. Perf. (3d Amer. Ed.) 437.
- BU~ there is still a surer aic~ n~-~r~s~tisfactory ~ro~tr~d tpou which to deny the relief th~' plaintiff seeks. I~'~r -was a *588 binding contract for the sale of the land by the assignee to Reed, and Reed died, and his administratrix assigned his contract of purchase to Townshend, (of which facts there is no proof,) then Townshend obtained no right from the adminis-tratrix. She.had no interest in the contract or the land, and no right to deal with or sell the. same. Reed’s interest under the contract was real estate, and at his death passed as such to his heirs, and not tq his administratrix; and his heirs alone were authorized to assign and convey such interest. Boone v. Chiles, 10 Pet. 180; Simmonds v. Catlin, 2 Caines, 61; Hathaway v. Paine, 34 N. Y., 92, 103; Stoddard v. Whiting, 46 N. Y., 627. Waddell, therefore, had no authority to convey to Townshend, and the rights of Reed’s heirs, if, by his death, they acquired any in the land, appear to be still intact. The deed was not made in pursuance of any public sale, and was-wholly unauthorized by law.
The judgment should therefore be affirmed, with costs.
All concur.