ROCHESTER M. HENDRICK and Another, Plaintiffs, *v.* WILLIAM B. LOWN and RAYMOND C. BROTSCH and Another, Defendants.

Supreme Court, Cayuga County, July 14, 1928.

Vendor and purchaser — land contract — action to cancel assignment alleged to have been made through fraudulent representations — assignee takes only interest of vendor making assignment — action may be maintained.

The plaintiffs may maintain this action to cancel an assignment of a land contract, which they held for the purchase of land, and which they have shown was

assigned by them through the fraudulent representations of the assignee, who thereafter transferred the interest so acquired to the defendants. It is no defense to the action that the defendants acquired plaintiffs' interest in the contract without knowledge of the fraud, for the defendants took only such interest as their assignor had and took that interest subject to any equities existing between the plaintiffs and said assignor.

ACTION to cancel assignments of a land contract.

*Leon A. Plumb*, for the plaintiff.

*Seth G. Weidner*, for the defendants Brotsch.

THOMPSON, J. Plaintiffs were vendees and in possession under a contract for the purchase of land. Induced by false and fraudulent representations, they assigned their interest in their contract to another, who thereafter transferred such interest so acquired to the defendants Brotsch. Defendants Brotsch had no notice or knowledge of the fraudulent inception of the assignment of the contract from plaintiffs to their transferrer. They defend upon this ground and claim to hold plaintiffs' interest in the contract free from the taint of the fraud which was practiced upon them.

It is fundamental that if this were a case where the transactions had been effected by deeds, the plaintiffs would have no standing in court and the defendants would have to have judgment; but where there is no transfer of title to the land by deed or otherwise every assignee of a contract for the sale of real property takes it subject to all the equities that may be urged against it upon the part of the vendor or an assignee of the vendee through whom he takes. In fact the only interest taken by the assignee of a vendee, or his successor, in a contract for the purchase of real property is the equity possessed by the assignor by virtue of his contract. Thus we find in Gerard on Titles to Real Estate (5th ed. 505), " an assignee of the contract takes it subject to all equities against his assignor." (*Tompkins* v. *Seely*, 29 Barb. 212; *Stoddard* v. *Whiting*, 46 N. Y. 627; *Cromwell* v. *Brooklyn Fire Insurance Co.*, 44 id. 42; *Reeves* v. *Kimball*, 40 id. 299; *Wood* v. *Perry*, 1 Barb. 114; *Cythe* v. *La Fontain*, 51 id. 186; *Cranston* v. *Wheeler*, 37 Hun, 63.)

The vendor or one claiming under him may set up against the assignee, fraud of the purchaser, and the assignee must, as a condition to enforcing the contract against the vendor, or his successor, complete the purchaser's payments on the contract and perform other parts of the consideration which the purchaser has not performed. (39 Cyc. 1667.)

" The fact that the legal title is not in his vendor is notice of the

risk he assumes in buying a mere equity, and he takes only what his vendor can convey, or that which his vendor can call upon a court of equity to require the holder of the legal title to convey to him." (27 R. C. L. 688.)

Holding these views, there must be judgment for the plaintiffs, but without costs.

So ordered.